IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| DISPENSING TECHNOLOGIES B.V.<br><br>        Plaintiff,<br>   v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A".<br><br>        Defendants. | Case No.: 24-cv-00407<br><br>Judge: Hon. Sara Ellis<br><br>Magistrate: Hon. Beth W. Jantz |

**DEFENDANT NINGBO STENG COMMODITY CO. LTD.'S MOTION TO AMEND PRELIMINARY INJUNCTION ORDER**

Defendant Ningbo Steng Commodity Co. Ltd. ("Ningbo Steng"), by and through the undersigned counsel, files this motion requesting that the Court amend the asset-restraint portion of the preliminary injunction order as it applies to Ningbo Steng. For the reasons set forth herein, Defendant Ningbo Steng respectfully requests that the Court grant this motion to amend the asset-restraint portion of the preliminary injunction order issued by the Court.

### I.      Applicable Facts

Plaintiff filed this action alleging Defendant Ningbo Steng infringed US Patent No. D830,194. Plaintiff obtained a preliminary injunction against Ningbo Steng that included an asset restraint order [Dkt. No. 38].

Ningbo Steng made a single sale to the United States of the allegedly infringing item. See Declaration of Chi Zhang. The total revenue received by Ningbo Steng for the sale of this single product was $30.01. *Id*. Exhibit 2 to Declaration of Chi Zhang. The amount frozen under the

preliminary injunction in this case is $158,639.46.

## II. Legal Standard

Courts are limited in their ability to restrain assets—rather than behavior—before judgment. *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013). District courts "generally do not have the authority to preliminarily restrain assets where a plaintiff seeks a money judgment." *Id*. (*citing Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 331 (1999)). One exception to that general rule is where a plaintiff seeks an equitable remedy—like a disgorgement of profits. *Id*. However, "the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief." *Id*. "[I]f the amount of the profits is known, then the asset freeze should apply on[ly] to that specific amount, and no more." *Id*. On the other hand, "[t]o exempt assets from an asset freeze, the burden is on the party seeking relief to present documentary proof that particular assets are not the proceeds of counterfeiting activities." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) (quotation marks and brackets omitted).

## III. Analysis

The asset-restraint portion of this Court's order is disproportional and not equitably applied to Defendant Ningbo Steng in this case. Defendant Ningbo Steng sold a single unit of the allegedly infringing item. The total revenue was only $30.01. The amount of profit made by Ningbo Steng cannot exceed the revenue of $30.01. The asset freeze in this case should not apply to any more than the revenue of $30.01. The vast amount frozen under the preliminary injunction in this case are not the proceeds of any counterfeiting activities by Ningbo Steng. For this reason, Ningbo Steng respectfully requests that the asset freeze order be amended so that the amount frozen under the preliminary injunction order is no more than $30.01.

## IV. Conclusion

For the reasons set forth, herein, Defendant Ningbo Steng requests that the asset freeze portion of the asset restraining order be amended and limited only to the profits attributable to the alleged infringement.

Dated this March 18, 2024

Respectfully submitted,

By: /s/ Kevin Keener
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 523-2164
kevin.keener@keenerlegal.com